## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

FREDRIC E. WASHINGTON,
Appellant,

v.

DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT,
Agency.

DOCKET NUMBER
AT-0752-17-0365-I-1

DATE: June 28, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Antonio F. Gaines, Atlanta, Georgia, for the appellant.

Jeffrey J. Burns, Esquire, Atlanta, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for failure to prosecute. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      On March 27, 2017, the appellant filed a Board appeal challenging his removal from his GS-13 Management Analyst position. Initial Appeal File (IAF), Tab 1. On June 6, 2017, the agency filed a motion to compel discovery, alleging that the appellant had failed to fully respond to its written discovery requests. IAF, Tab 8 at 13. The appellant filed a response to the motion. IAF, Tab 10. By order dated July 3, 2017, the administrative judge granted the motion to compel and ordered the appellant to provide full substantive responses to certain agency discovery requests by July 19, 2017. IAF, Tab 11 at 2. The administrative judge warned the appellant that failure to comply with his order could result in the imposition of sanctions, including dismissal of the appeal. *Id.* at 3.

¶3      On July 24, 2017, the agency filed a motion to dismiss the appeal, alleging that the appellant had failed to comply with the administrative judge's July 3, 2017 Order. IAF, Tab 14. On August 11, 2017, the administrative judge issued a show cause order directing the appellant to respond to the agency's motion to dismiss by August 18, 2017, and to show cause why the appeal should not be

dismissed for failure to prosecute.  IAF, Tab 16.  In his order, the administrative judge warned the appellant that failure to comply with his order would result in sanctions under 5 C.F.R. § 1201.43, up to and including dismissal of the appeal for failure to prosecute.  *Id.*  The appellant did not respond.

¶4        On August 22, 2017, the administrative judge issued an initial decision that dismissed the appeal for failure to prosecute, finding that the appellant had failed to exercise basic due diligence in prosecuting his appeal.  IAF, Tab 18, Initial Decision (ID) at 1, 3.  The appellant has filed a petition for review, and the agency has filed a response in opposition to the petition.  Petition for Review (PFR) File, Tabs 1, 3.

## ANALYSIS

¶5        The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal.  *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015); 5 C.F.R. § 1201.43(b).  Such a sanction should be imposed only when a party has failed to exercise basic due diligence in complying with Board orders, or has exhibited negligence or bad faith in its efforts to comply.  *Leseman*, 122 M.S.P.R. 139, ¶ 6.  Repeated failure to respond to multiple Board orders can reflect a failure to exercise basic due diligence. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 9 (2011).  Absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions.  *Leseman*, 122 M.S.P.R. 139, ¶ 6.

¶6        On review, the appellant asserts that he did not respond to the agency's discovery requests because he was unable to obtain legal counsel.  PFR File, Tab 1 at 13.  The Board has held, however, that an appellant's difficulty in obtaining a representative does not excuse his failure to prosecute his appeal by not complying with the Board's orders.  *Murdock v. Government Printing Office*, 38 M.S.P.R. 297, 299 (1988).  Moreover, even if difficulty in obtaining a representative were a valid excuse for the appellant's failure to respond to the

agency's discovery requests, as directed by the administrative judge, such an excuse is inapplicable here because the appellant has been represented by a union representative throughout these proceedings.  IAF, Tab 1 at 3, Tab 19.

¶7     The appellant further argues on review that he responded to the agency's motion to dismiss via an email that he sent to the administrative judge and copied to agency counsel.  PFR File, Tab 1 at 13.  In support of this argument, the appellant cites to "Exhibit 3."  *Id.*  The petition for review does not include an Exhibit 3, however, and the record does not contain any evidence that the appellant responded to the motion to dismiss.

¶8     Under these circumstances, we find that the appellant has not shown good cause for his failure to comply with the administrative judge's orders and that he failed to exercise due diligence in the proceedings below.  Therefore, we find no abuse of discretion in the administrative judge's decision to impose sanctions under 5 C.F.R. § 1201.43(b).  *See Williams*, 116 M.S.P.R. 377, ¶¶ 9-12 (finding that dismissal for failure to prosecute was appropriate when the appellant failed to respond to multiple Board orders).  Accordingly, we affirm the initial decision dismissing the appeal for failure to prosecute.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board
Washington, D.C.